IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MYWOND WEBSTER,<br><br>Petitioner,<br><br>vs.<br><br>JAMES SALMONSON,<br><br>Respondent. | Cause No. CV 18-25-H-BMM-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This case comes before the Court on Petitioner Mywond Webster's application for writ of habeas corpus under 28 U.S.C. §2254, filed January 31, 2018. Webster is a state prisoner proceeding pro se.

## I.     Motion to Proceed in Forma Pauperis

Webster has moved this Court to proceed in forma pauperis. (Doc. 2). Because there is no need to delay this matter further, Webster's motion will be granted.

## II.     Background

Webster's petition appears to challenge actions taken by the Montana and Utah Board of Pardons and Parole, but he did not use this Court's standard form.

1

(Doc. 1).  Because the Court required supplemental information regarding his

claims, Webster was directed to file an Amended Petition using this Court's

standard form.  (Doc. 3).  Webster did not timely respond to this Court's order.

Additionally, it appears that Webster was transferred from the Montana State

Prison, but he failed to update his address with this Court as directed.  *See* (Docs. 3

at 2 and 4).[1]

### III.   Dismissal for Failure to Prosecute

The Federal Rules of Civil Procedure apply in a habeas action to the extent

they are not inconsistent with the Rules Governing Section 2254 Cases in the

United States District Courts or other applicable law.  See Rule 11, Section 2254

Rules; *Mayle v. Felix*, 545 U.S. 644, 654 (2005).  Fed. R. Civ. P. 41(b) authorizes

the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action.  The

Court may dismiss a case on its own motion without awaiting a defense motion.

See, e.g., *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon*

*Preservation Council v. United States Forest Serv.*, 403 F. 3d 683, 689 (9th Cir.

2005).

In determining whether Petitioner's failure to prosecute warrants dismissal

of the case, the Court must weigh the following five factors: "(1) the public's

---

[1] *See also* Montana Correctional Offender Network:  https://app.mt.gov/conweb/Offender/3008630 (accessed
February 23, 2018)(indicating Webster's current status as "Interstate Compact" with Utah).

interest in expeditious resolution of litigation; (2) the court's need to manage its

docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

disposition of cases on their merits; and (5) the availability of less drastic

sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson*

*v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986)). "The first two of these factors

favor the imposition of sanctions in most cases, while the fourth factor cuts against

a default or dismissal sanction. Thus the key factors are prejudice and availability

of lesser sanctions." *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir.1990).

"The public's interest in expeditious resolution of litigation always favors

dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999).

Webster has failed to file his response within the requisite timeframe or keep the

Court appraised of his current address.  This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal.  "The trial judge is in the

best position to determine whether the delay in a particular case interferes with

docket management and the public interest." *Pagtalunan v. Galaza*, 291 F. 3d 639

(9th Cir. 2002).  The Court cannot manage its docket if Webster refuses to comply

with Court's orders.  Webster's case has consumed judicial resources and time that

could have been better spent on other matters.  Therefore, this factor favors

dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Defendants.  "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case."  *Malone v. United States Postal Service*, 833 F. 2d 128, 131 (9th Cir. 1987).  Mr. Webster's refusal to comply with the Court's order makes prejudice a foregone conclusion.  The longer this matter sits, the more prejudice to Defendants.

The Court has considered less drastic alternatives.  Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel."  *Nevijel v. North Coast Life Insurance Co.*, 651 F. 2d 671, 674 (9th Cir. 1981).  Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such alternatives prior to dismissal.  *Id.*  Mr. Webster was afforded the opportunity to amend his petition and was given an adequate amount of time to do so.  Mr. Webster has not responded to the Court's show cause order nor has he updated his current address.  At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits.  *Hernandez v. City of El Monte,* 138 F. 3d 393, 399 (9th Cir. 1998).  But in light of the other four factors favoring dismissal, the

weight of this factor is slight.  The Court will therefore recommend that this matter

be dismissed for failure to prosecute, pursuant to Fed. F. Civ. P. 41(b).  Mr.

Webster has failed to timely amend his petition and comply with the Court's order

directing him to keep his address current.

## IV.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it

enters a final order adverse to the applicant."  Rule 11(a), Rules governing § 2254

Proceedings.  A COA should issue as to those claims on which a petitioner makes

a "substantial showing of the denial of a constitutional right."  28 U.S.C.

§ 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the

district court's resolution of [the] constitutional claims" or "conclude the issues

presented are adequate to deserve encouragement to proceed further."  *Miller-El v.*

*Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484

(2000)).  Where a claim is dismissed on procedural grounds, the court must also

decide whether "jurists of reason would find it debatable whether the district court

was correct in its procedural ruling."  *Gonzalez v. Thaler*, 565 U.S. 134, 140-41

(2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The claims advanced by Webster do not appear to make a substantial

showing that he was deprived of a constitutional right.  No reasonable jurist would

suggest the Court go forward with the case without Webster's participation.  A

certificate of appealability should be denied because reasonable jurists would find

no reason to encourage further proceedings.

Based on the foregoing, the Court enters the following:

## ORDER

1.   Mr. Webster's Motion to Proceed in Forma Pauperis (Doc. 2) is

GRANTED.  The Clerk of Court shall waive payment of the filing fee.

## RECOMMENDATION

1.  Mr. Webster's Petition (Doc. 1) should be DISMISSED under Fed.

R. Civ. P. 41(b) for failure to prosecute.

2.  The Clerk of Court should be directed to enter, by separate document, a

judgment in favor of Respondent and against Petitioner.

3.  A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Webster may object to this Findings and Recommendation within 14

days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de

novo determination by the district judge and/or waive the right to appeal.

Mr. Webster must immediately notify the Court of any change in his mailing

---

[2]   Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Webster is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

address by filing a "Notice of Change of Address." Failure to do so may result in

dismissal of this action without notice to him.

DATED this 28th day of February, 2018.


/s/ John Johnston
John Johnston
United States Magistrate Judge