# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

| | |
|---|---|
| MYWOND WEBSTER,<br><br>Petitioner,<br><br>vs.<br><br>JAMES SALMONSON,<br><br>Respondent. | **CV-18-25-H-BMM-JTJ**<br><br><br>**ORDER** |

Petitioner Mywond Webster filed an application for writ of habeas corpus under 28 U.S.C. § 2254 on January 31, 2018. Webster is a state prisoner proceeding pro se. United States Magistrate Judge John T. Johnston entered Findings and Recommendations in this matter on February 28, 2018. (Doc. 5.)

Neither party filed objections. When a party makes no objections, the Court need not review *de novo* the proposed Findings and Recommendations. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1986). This Court will review Judge Johnston's Findings and Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Webster's petition appears to challenge actions taken by the Montana and Utah Board of Pardons and Parole. Webster did not use, however, the Court's

1

standard form. United States Magistrate Judge Jeremiah Lynch directed Webster to provide an Amended Complaint by February 20, 2018. (Doc. 3.) Webster did not timely respond to the Court's order. Webster has failed to update his address with the Court.

Judge Johnston determined that Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action "if the plaintiff fails to prosecute" the action. (Doc. 5 at 2.) The Court weighs five factors in determining whether Webster's failure to prosecute warrants dismissal. The Court must weigh the following: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

Judge Johnston determined after examining the five factors that this matter be dismissed for failure to prosecute. (Doc. 5 at 5.) Webster failed to file his response within the requisite timeframe or update his address. *Id.* at 3. The Court cannot manage its docket if Webster refuses to comply with Court orders. *Id.* The longer this matter exists, the more prejudice to Respondent. *Id.* at 4. No other alternatives exist as Webster already received the opportunity to amend. *Id.*

The Court has reviewed Judge Johnston's Findings and Recommendations for clear error. The Court finds no error in Judge Johnston's Findings and Recommendations, and adopts them in full.

**IT IS ORDERED** that Judge Johnston's Findings and Recommendations (Doc. 5), are ADOPTED IN FULL.

**IT IS ORDERED** that Webster's Petition (Doc. 1) is **DISMISSED** under Fed. R. Civ. P. 41(b) for failure to prosecute.

IT IS ORDERED that the Clerk of Court shall enter, by separate document, a judgment in favor of Respondent and against Petitioner.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

DATED this 21st day of March, 2018.

Brian Morris
United States District Court Judge